UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAUREN JANNEY,

               Plaintiff,

     v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA,

               Defendant.

No. 1:23-cv-12093-AK

ANSWER OF THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA

The Defendant Guardian Life Insurance Company of America ("Guardian") responds to the allegations of Plaintiff's Complaint as follows:

FIRST DEFENSE

1.      Answering the allegations of paragraph 1, alleges that Plaintiff commenced this action against Guardian pursuant to the Employee Retirement Income Security Act of 1974, *as amended,* 29 U.S.C. §§ 1001 et seq. ("ERISA").  Plaintiff was, at relevant times, a participant in an employee welfare benefit plan sponsored and maintained by her employer (the "LTD Plan"). In connection with the LTD Plan, Guardian served as the group insurer and claim administrator. Except as so alleged, denies any remaining allegations of that paragraph.

2.      Answering the allegations of paragraph 2, alleges that Plaintiff purports to seek long-term disability ("LTD") and life insurance waiver of premium ("LWOP") benefits and other relief under ERISA.  Except as so alleged, denies any remaining allegations of that paragraph.

3.      Answering the allegations of paragraph 3, alleges that Plaintiff purports to

#16581060v1

challenge Guardian's administration of her claims, but lacks evidentiary support for her contentions. Except as so alleged, denies any remaining allegations of that paragraph.

4.    Paragraphs 4, 5, 7, 10, 11, 42, 74 and 76 state conclusions of law for which no response is required. To the extent the Court may otherwise construe those paragraphs, they are denied.

5.    The first sentence of paragraph 6 states a conclusion of law for which no response is required. The second sentence is admitted.

6.    Admits the first sentence of paragraph 8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence. The remaining allegations of that paragraph state conclusions of law for which no response is required.

7.    Answering the first sentence of paragraph 9, alleges that Guardian is a mutual life insurance company with its principal place of business in New York. Guardian transacts business in Massachusetts and insures benefits under the LTD Plan. Except as so alleged, denies any remaining allegations of that paragraph.

8.    Answering the second sentence of paragraph 12, alleges that Plaintiff was, at times, a participant in the LTD Plan and life insurance plan sponsored and maintained by her employer. Benefits under the plans were at relevant times funded by group insurance policies issued by Guardian. Except as so alleged, denies any remaining allegations of that paragraph.

9.    Answering the allegations of paragraph 13, alleges that Guardian at relevant times served as a claim administrator with respect to LTD and LWOP benefits under the plans. Except as so alleged, denies any remaining allegations of that paragraph.

10.    Answering the allegations of paragraph 14, alleges that the terms of the LTD Plan speak for themselves and require no further comment or characterization by Guardian. Except as

so alleged, denies any remaining allegations of that paragraph.

11.     Answering the allegations of paragraphs 15 and 16, alleges that Plaintiff established that she was entitled to benefits under the LTD Plan through April 10, 2021, but not thereafter.  Except as so alleged, denies any remaining allegations of those paragraphs.

12.     Answering the allegations of paragraph 17, alleges that the terms of the life insurance plan speak for themselves and require no further comment or characterization by Guardian.  Except as so alleged, denies any remaining allegations of that paragraph.

13.     Denies paragraphs 18-27, 33, 43, 47, 49-55, 57-72, 75, 77-81, 83 and 85-90.

14.     Admits paragraphs 28, 30 and 46.

15.     Answering the allegations of paragraph 29, alleges that Plaintiff last worked on September 10, 2020, and thereafter claimed short-term disability benefits due to "abdominal distention, pain, SIBO" and other conditions.  Except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

16.     Answering the allegations of paragraph 31, alleges that Guardian sent Plaintiff a letter dated March 16, 2021, pertaining to the payment of LTD benefits.  The terms of that letter speak for themselves and require no further comment or characterization by Guardian.  Except as so alleged, denies any remaining allegations of that paragraph.

17.     Answering the allegations of paragraph 32, alleges that Guardian sent Plaintiff a letter dated May 3, 2021, pertaining to the termination of LTD benefits.  The terms of that letter speak for themselves and require no further comment or characterization by Guardian.  Except as so alleged, denies any remaining allegations of that paragraph.

18.     Answering the allegations of paragraph 34, alleges that Plaintiff's counsel wrote

Guardian a letter dated May 7, 2021, requesting documents pertaining to Plaintiff's claim. The terms of that letter speak for themselves and require no further comment or characterization by Guardian. Except as so alleged, denies any remaining allegations of that paragraph.

19. Answering the allegations of paragraph 35, alleges that plaintiff's counsel sent Guardian a letter dated October 29, 2021, appealing the termination of benefits. The terms of that letter speak for themselves and require no further comment or characterization by Guardian. Except as so alleged, denies any remaining allegations of that paragraph.

20. Answering the allegations of paragraph 36, alleges that plaintiff provided medical and vocational documentation in connection with her appeal. The terms of those documents speak for themselves and require no further comment or characterization by Guardian. Except as so alleged, denies any remaining allegations of that paragraph.

21. Answering the allegations of paragraph 37, alleges that Guardian sent Plaintiff's counsel a letter dated August 11, 2022, enclosing peer review reports, peer reviewer resumes and an occupational analysis. The terms of those documents speak for themselves and require no further comment or characterization by Guardian. Except as so alleged, denies any remaining allegations of that paragraph.

22. Answering the allegations of paragraph 38, alleges that Guardian received letters from Plaintiff's counsel dated August 18, 2022, and November 1, 2022, responding to peer review reports. The terms of Plaintiff's counsel's letters speak for themselves and require no further comment or characterization by Guardian. Except as so alleged, denies any remaining allegations of that paragraph.

23. Answering the allegations of paragraph 39, alleges that Guardian received a letter dated November 23, 2022, from Plaintiff's counsel pertaining to Plaintiff's application for SSDI

benefits.  The terms of that letter speak for themselves and require no further comment or characterization by Guardian.  Except as so alleged, denies any remaining allegations of that paragraph.

24.    Answering the allegations of paragraph 40, alleges that Guardian wrote Plaintiff's counsel a letter dated December 9, 2022, upholding the termination of LTD benefits. The terms of that letter speak for themselves and require no further comment or characterization by Guardian.  Except as so alleged, denies any remaining allegations of that paragraph.

25.    Answering the allegations of paragraph 41, Guardian denies that its claim determination was in any way flawed or erroneous and further denies any remaining allegations of that paragraph.

26.    Answering the allegations of paragraph 44, alleges that the terms of the Plan speak for themselves and Guardian did not request Plaintiff to appear for an independent medical examination.  Except as so alleged, denies any remaining allegations of that paragraph.

27.    Answering the allegations of paragraph 45, alleges that Guardian sent Plaintiff's counsel a letter dated December 9, 2022, upholding the termination of LTD benefits.  The terms of that letter speak for themselves and require no further comment or characterization by Guardian.  Except as so alleged, denies the remaining allegations of that paragraph.

28.    Answering the allegations of paragraph 48, alleges that Plaintiff's medical condition was as documented in the Administrative Record, which documents speak for themselves and require no further comment or characterization by Guardian.  Except as so alleged, denies any remaining allegations of that paragraph.

29.    Answering the first two sentences of paragraph 56, alleges that the terms of Plaintiff's medical records speak for themselves and require no further comment or

characterization by Guardian.  The third sentence states a conclusion of law for which no response is required by Guardian.  Except as so alleged, denies any remaining allegations of that paragraph.

30.    Repeats and realleges the responses to paragraphs: 1-72 in response to paragraph 73; and 1-81 in response to paragraph 82.

31.    Admits the allegations of paragraph 84 as to Guardian alone.

32.    Guardian denies that Plaintiff is entitled to the relief sought in "Prayer for Relief."

SECOND DEFENSE

33.    ERISA preempts some or all of Plaintiff's claims.

THIRD DEFENSE

34.    Plaintiff is not entitled to a jury trial.

FOURTH DEFENSE

35.    Plaintiff has failed to state a claim upon which relief may be granted.

FIFTH DEFENSE

36.    Plaintiff's remedies are limited solely to those afforded by ERISA.

SIXTH DEFENSE

37.    Plaintiff's claims are barred because Guardian discharged its duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

SEVENTH DEFENSE

38.    Plaintiff's claims are barred because Guardian's actions were not arbitrary, capricious, unreasonable or made in bad faith.

EIGHTH DEFENSE

39.     The decisions of Guardian with respect to Plaintiff's claims are entitled to deferential review.

NINTH DEFENSE

40.     To the extent the Court determines that Plaintiff is entitled to LTD benefits, such benefits are subject to all other terms and conditions of the Plan.

**WHEREFORE,** Defendant Guardian demands judgment dismissing the Complaint with prejudice.  Guardian further seeks recovery of its attorney's fees, costs and such further relief as the Court may deem appropriate.

November 9, 2023                              Respectfully submitted,


                                             */s/ Brooks R. Magratten*_____
                                             Brooks R. Magratten, Esq., (BBO #650393)
                                             Pierce Atwood, LLP
                                             One Financial Plaza, 26th Floor
                                             Providence, RI 02903
                                             (401) 490-3422
                                             (401) 588-5166 (fax)
                                             bmagratten@pierceatwood.com

                                             *Attorneys for Defendant Guardian*
                                             *Life Insurance Company of America*

**CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on November 9, 2023, and that it is available for viewing and downloading from the Court's ECF system.  Service by electronic means has been effectuated on the following counsel of record:

Mala M. Rafik, Esq.
Socorra A. DeCelle, Esq.
Rosenfeld & Rafik, P.C.
184 High Street, Suite 503
Boston, MA 02110

                                             */s/ Brooks R. Magratten*_____

#16581060v1                              7